**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERY EDGARDO MARTINEZ, | No.    20-70199 |
| Petitioner, | Agency No. A094-451-235 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2023
Pasadena, California

Before:  SANCHEZ and MENDOZA, Circuit Judges, and DONATO,** District Judge.

Nery Edgardo Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from a decision by an Immigration Judge (IJ).  The IJ found Martinez to be

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

removable as charged, and denied his requests for asylum, withholding of removal, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA did not err in upholding the IJ's competency determination. The two immigration judges that observed Martinez correctly followed *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). And substantial evidence supports the IJs' determination that Martinez was competent. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). As noted by the IJs, Martinez—who proceeded pro se through years of immigration court proceedings—gathered evidence, made cogent arguments, followed the IJs' instructions, and was even effective in obtaining some post-conviction relief for himself in the state courts.

2.      Martinez contends that the agency erred in concluding that all three of his convictions were for crimes involving moral turpitude (CIMTs) when only one of his convictions is for a CIMT and it falls within the petty offense exception. But Martinez did not present these arguments to the BIA, and a "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (cleaned up), *abrogated in part by Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023). The BIA did not independently address the CIMT issue on the merits; it merely noted that Martinez was not disputing he had been convicted of three crimes

involving moral turpitude. Consequently, we decline to consider Martinez's non-exhausted arguments about whether his convictions constitute CIMTs. *See Santos-Zacaria*, 143 S. Ct. at 1114 (holding that section 1252(d)(1) is a non-jurisdictional claims-processing rule "prescribing the method by which the jurisdiction granted the courts by Congress is to be exercised" (cleaned up)).

3.     Similarly, Martinez did not exhaust his argument that the IJs violated his due process rights by depriving him of the opportunity to litigate whether his convictions are for CIMTs. This argument is barred by the claims-processing rule in 28 U.S.C. § 1252(d)(1). *See id.* It is without merit in any event. Martinez has not shown, and the transcript refutes any argument, that "the proceeding was so fundamentally unfair" that he was "prevented from reasonably presenting his case." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (internal citation omitted).

4.     The BIA correctly found that Martinez failed to challenge the IJ's denial of his claims for relief under the Convention Against Torture (CAT). Moreover, the agency's denial of CAT relief was not erroneous. The evidence in the record does not compel the conclusion that Martinez was more likely than not to be tortured at the instigation of, or with the consent or acquiescence of, the Salvadoran government were he to return there. *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION DENIED.**